Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 788-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Alec Bucur*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEC BUCUR<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>  and<br>EQUIFAX INFORMATION SERVICES LLC<br>  and<br>TRANS UNION, LLC<br><br>Defendants. | CIVIL ACTION NO. 8:16-CV-808<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer, Alec Bucur against Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended* and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Alec Bucur is an adult individual residing in Irvine, CA.

5. Defendant Experian Information Solutions, Inc., ("Experian") is a consumer reporting agency that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA.

6. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Central District of California and which has its headquarters and a principal place of business located at 815 Gate Drive, Suite 102, Mount Laurel, NJ.

7. Defendants Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Central District of California and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least May 2014 through present. The inaccurate information includes accounts with Capital One Bank USA, N.A, SYNCB/ Banana Republic, Cap One, HSBC/ Best Buy, and debt collection accounts with Midland

1 | Funding, CMRE, Pinnacle Credit Service, LVNV Funding, LLC and Credit
2 | Collection Service, as well as personal identifying information.

3   9.   The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10.   Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least August 2014 through the present.

11.   Plaintiff has disputed the inaccurate information with Experian to its representatives by following Experian's established procedures for disputing consumer credit information.

12.   Plaintiff has disputed the inaccurate information with the Experian from October 2015 through the present.

13.   Notwithstanding Plaintiff's efforts, the Experian has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Experian continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian has repeatedly published and disseminated consumer reports to such third parties from at least August 2014 through the present.

14. Despite Plaintiff's efforts, Experian has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

15. Despite Plaintiff's exhaustive efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

16. Plaintiff's credit report and file has been obtained from Defendants and has been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least August 2014 through the present.

17. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, lost wages, and emotional distress including anxiety, frustration, embarrassment and humiliation.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Experian)

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, Experian was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and § 1681i.

25. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA

### (Plaintiff v. Equifax and Trans Union)

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Equifax and Trans Union were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

31. The conduct of Equifax and Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax and Trans Union are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT THREE – VIOLATIONS OF THE CCRAA

### (Plaintiff v. Experian)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent Experian is a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

34. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

35. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

36. Pursuant to Cal. Civ. Code § 1785.31, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code § 1785.14(b) and § 1785.16.

37. Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Experian is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT FOUR – VIOLATIONS OF THE CCRAA
### (Plaintiff v. Equifax and Trans Union)

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. At all times pertinent hereto Equifax and Trans Union are each a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

40. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

41. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

42. Pursuant to Cal. Civ. Code § 1785.31, Equifax and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code §1785.14(b).

43. The conduct of Equifax and Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax and Trans are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **JURY TRIAL DEMAND**

44. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be just and proper.

Respectfully Submitted,

TATAR LAW FIRM

BY: _____

Stephanie Tatar

Attorney for Plaintiff

DATE: April 26, 2016