1  Stephanie R. Tatar – State Bar No. 237792
   **TATAR LAW FIRM, APC**
2  3500 West Olive Avenue, Suite 300
   Burbank, California 91505
3  Telephone: (323) 744-1146
   Facsimile: (888) 778-5695
4  Stephanie@thetatarlawfirm.com

5  *Attorney for Plaintiff Alec Bucur*

6

7

8

9              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
10                  **SOUTHERN DIVISION**

11 ALEC BUCUR

12              Plaintiff,                    **8:16-cv-00808-DOC-KES**

13   v.                                       **JOINT STATUS REPORT PURSUANT TO**
                                              **FED. R. CIV. P. 26(F)**
14 EXPERIAN INFORMATION
   SOLUTIONS, INC., et al.

15              Defendants.

16

17        Plaintiff Alec Bucur ("Plaintiff") and Defendants Experian Information

18 Solutions, Inc., ("Experian"), Equifax Information Services LLC ("Equifax") and

19 Trans Union, LLC, ("Trans Union") met and conferred regarding the substance of

20 this Joint Status Report and hereby submit the following Joint Status Report:

21 1. **SHORT FACTUAL SUMMARY OF THE CASE**

22      **Plaintiff Alec Bucur:**

23        Plaintiff brings this action for damages against Defendants Experian,

24 Equifax and Trans Union for violations of the Fair Credit Reporting Act

25 ("FCRA") and the Consumer Credit Reporting Agencies Act ("CCRAA").

26 Plaintiff alleges that the Defendants reported on numerous occasions, and

27 Experian did verify, derogatory and inaccurate statements and information relating

to Plaintiff and Plaintiff's credit history to third parties.  Specifically, Defendants are reporting derogatory accounts, collection accounts and inaccurate personal information on Plaintiff's personal credit report.  Plaintiff disputed the inaccurate information with Experian indicating that the inaccurate information did not belong to him. Despite Experian's obligations to conduct a reasonable reinvestigation, the inaccurate account information was verified as "accurate" and continues to report on Plaintiff's credit report.

As a result of Defendants' conduct, Plaintiff has suffered actual damages of a financial nature and emotional and mental pain and anguish as well as actual damages in the form of a lost opportunity to obtain employment and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future.

**Defendant Experian Information Solutions, Inc.:**

Experian is a consumer credit reporting agency, as that term is defined by the FCRA.  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting.  Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers.  In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures.  In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a

1    consumer to alert Experian of a potential inaccuracy.  Experian's reasonable

2    procedures were followed at all times with respect to Plaintiffs' credit files.

3    Experian therefore has no liability in this case.

4              **Defendant Equifax Information Services LLC:**

5              Defendant Equifax Information Services LLC is a consumer reporting

6    agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681

7    et seq. ("FCRA").  Equifax denies Plaintiff's claims and denies that it violated the

8    FCRA in its handling of Plaintiff's credit file.  Equifax maintained reasonable

9    procedures to assure maximum possible accuracy in its consumer reports

10   concerning Plaintiff.  Equifax denies that it caused any damage to Plaintiff and

11   denies that Plaintiff is entitled to any of the relief sought in the Complaint.

12   Equifax further denies that Plaintiff can support a claim for punitive damages in

13   this action.

14             **Defendant Trans Union, LLC:**

15             As discovery has yet to commence, Defendant Trans Union LLC ("Trans

16   Union") cannot provide this Court with a complete factual background of the case

17   as it relates specifically to Plaintiff.  Plaintiff alleges that upon review of his Trans

18   Union credit file, he found certain accounts reporting that do not belong to him

19   and instead belong to someone else.  Plaintiff believes that this these alleged

20   accounts ended up on his credit file, not because of the information provided to

21   Trans Union from reliable furnishers of such accounts, but instead due to Trans

22   Union's alleged "faulty procedures" which allegedly caused his credit file to

23   become mixed with that of another consumer.  Plaintiff alleges that Trans Union,

24   as a credit reporting agency, violated the Fair Credit Reporting Act (15 U.S.C.

25   1681e(b)) and its equivalent under the California Credit Reporting Agencies Act

26   (Cal. Civ. Code 1785.14(b)) for its failure to follow reasonable procedures to

27   assure maximum possible accuracy of the information concerning Plaintiff.  Trans

DMSLIBRARY01\29297426.v1

1  Union denies these allegations.  Trans Union also asserts that after a review of

2  Plaintiff's credit file, there is no evidence of such file being combined (or

3  "mixed") with any other consumers at any relevant time as alleged in this suit.

4  Additionally, Trans Union essentially functions as a storehouse of credit

5  information concerning hundreds of millions of consumers nationwide, collecting

6  and storing credit information originated by others.  Trans Union does not

7  generate credit information itself, nor does it make loans, decide who should

8  receive credit, or set loan terms.

9       The FCRA is not a strict liability statute and does not require Experian to

10 maintain error free credit reporting.  Rather, Trans Union must maintain and

11 follow reasonable procedures to assure the maximum possible accuracy of the

12 information it reports on consumers.  In recognizing that no credit reporting

13 system can be error free, Congress specifically provided consumers with the

14 ability to contact credit reporting agencies to dispute information appearing on

15 their credit disclosures.  In many instances, Trans Union's procedures to ensure

16 the maximum possible accuracy of the information it reports requires notice from

17 a consumer to alert Trans Union of a potential inaccuracy.  Plaintiff never did so.

18 Trans Union's reasonable procedures were followed at all times with respect to

19 Plaintiff's credit file.

20 2.  **PRINCIPAL ISSUES IN THE CASE**

21      **Plaintiff Alec Bucur:**

22      The primary issues in this case is whether Experian either negligently or

23 willfully violated 15 U.S.C. §§ 1681e(b) and 1681i, and Cal. Civ Codes §§

24 1785.14(b) and 1785.16 and whether Equifax and Trans Union either negligently

25 or willfully violated 15 U.S.C. § 1681e(b) and Cal. Civ Code § 1785.14(b).  Also,

26 whether Plaintiff has been damaged and whether Defendants' actions or inactions

27 were a substantial factor in causing Plaintiff's alleged injury.

DMSLIBRARY01\29297426.v1

**Experian Information Solutions, Inc.:**

The primary legal issues are (1) whether Experian employed reasonable procedures to ensure the maximum possible accuracy of any consumer reports it issued with respect to Plaintiff; (2) whether Experian conducted a reasonable reinvestigation in response to any of Plaintiff's disputes.  Experian maintains that it did follow reasonable procedures and did conduct a reasonable reinvestigation and, therefore, Plaintiff's damages, if any, were not caused by Experian.

**Equifax Information Services LLC**:

The primary legal issues are whether Equifax maintained reasonable procedures to assure maximum possible accuracy in its consumer reports concerning Plaintiff, whether Equifax's handling of Plaintiff's credit file was in compliance with the FCRA, and the extent of Plaintiff's alleged damages and whether any of said alleged damages are attributable to Equifax.

3. **AMENDMENT OF PLEADINGS**

The Parties do not anticipate amending the pleadings at this time and will otherwise abide by the Court's Order of July, 11, 2016.  (Dk. No. 19).

4. **MOTIONS**

Plaintiff does not believe there are any issues which are the appropriate subject of a dispositive motion in this matter.  Pending discovery, Experian, Equifax and Trans Union anticipate filing a dispositive motion.

5. **SETTLEMENT DISCUSSIONS**

To date, no settlement discussions have taken place between Plaintiff and Experian and Plaintiff and Trans Union.  Settlement discussions have begun between Plaintiff and Equifax.

Contemporaneously filed herewith is ADR-01 selecting ADR Procedure No. 2, mediation before a neutral mediator.

6. **DISCOVERY PLAN**

The parties anticipate propounding written discovery and taking depositions of, including but not limited to, Plaintiff and appropriate corporate representatives of the Defendants.

Plaintiff requests that the parties abide by the Federal Rules of Civil Procedure for limitations on discovery.

7. **JURY TRIAL**

Plaintiff has requested a trial by jury on all issues triable.  The Parties estimate a three-day jury trial.

8. **OTHER ISSUES**

**CONSENT TO SERVICE BY ELECTRONIC MEANS**

The Parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and secondary email addresses of all counsel of record (or any updated email address provided to all counsel of record).  The Parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**PROTECTIVE ORDER**

The parties have discussed the possible entry of a protective order and anticipate filing a joint motion for issuance of same.

**PROPOSED SCHEDULE**

DMSLIBRARY01\29297426.v1

a.  Discovery cut−off date:  **January 20, 2017**

b.  Initial Expert Disclosure Deadline:  **January 20, 2017**

c.  Rebuttal Disclosure Deadline:  **February 20, 2017**

d.  Close of Expert Discovery:  **March 6, 2017**

e.  Dispositive Motion Deadline: **April 6, 2017**

f.  Final Pretrial Conference: **May 2017**

g.  Trial Date:  **June 2017**

Respectfully Submitted,
THE TATAR LAW FIRM

 /s/  Stephanie R. Tatar
Stephanie R. Tatar
Attorney for Plaintiff